FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 01, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICHARD W. F., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 2:18-CV-00195-SMJ <br><br> **ORDER RULING ON CROSS-MOTIONS FOR SUMMARY JUDGMENT** |

Before the Court, without oral argument, are the parties' cross-motions for summary judgment, ECF Nos. 9 & 10. Plaintiff appeals the Administrative Law Judge's ("ALJ") denial of Social Security Disability benefits. ECF No. 1. Plaintiff argues that the ALJ erred in (1) assessing Plaintiff's credibility, (2) assessing Plaintiff's residual functional capacity, and (3) finding Plaintiff capable of substantial gainful activity at steps four and five. ECF No. 9 at 10. The Commissioner of the Social Security Administration ("SSA") asks the Court to affirm the ALJ's decision. ECF No. 10.

After reviewing the record and relevant legal authorities, the Court is fully informed. For the reasons set forth below, the Court affirms the ALJ's decision and

ORDER RULING ON CROSS-MOTIONS FOR SUMMARY JUDGMENT - 1

therefore denies Plaintiff's motion and grants the Commissioner's motion.

## I. BACKGROUND[1]

On March 9, 2015, Plaintiff applied for Social Security Disability benefits, alleging disability beginning March 14, 2015. AR[2] 324. The SSA denied the claims initially and upon reconsideration, and Plaintiff requested a hearing. AR 245–55. ALJ Jesse K. Shumway presided over a hearing on March 27, 2017. AR 172–217. The ALJ issued a decision unfavorable to Plaintiff. AR 16–37. The SSA Appeals Council denied Plaintiff's request for review. AR 1–7.

## II. ALJ FINDINGS[3]

At step <u>one</u>, the ALJ found Plaintiff has not engaged in substantial gainful activity since March 9, 2015. AR 21.

At step <u>two</u>, the ALJ found Plaintiff has the following severe impairments: fibromyalgia, lumbar degenerative disc disease, seronegative inflammatory arthritis, obesity, major depressive disorder, and adjustment disorder. *Id.*

At step <u>three</u>, the ALJ found Plaintiff's impairments do not meet or medically equal the severity of a listed impairment. AR 22.

---

[1] Detailed facts are contained in the administrative record and the parties' briefs.
[2] For ease and consistency with the parties' briefs, the Court cites to the consecutive pagination of the administrative record, ECF No. 6.
[3] The applicable five-step disability determination process is set forth in the ALJ's decision, AR 19–21, and the parties do not dispute that standard. Accordingly, the Court does not restate the five-step process in this Order.

At step <u>four</u>, the ALJ found Plaintiff has the residual functional capacity to perform light work, except "he cannot climb ladders, ropes or scaffolds, and can only occasionally perform all other postural activities; and he is limited to unskilled and well-learned semi-skilled work with no multi-tasking and no assembly-line pace." AR 24. Further, the ALJ found Plaintiff capable of performing past relevant work as a cashier. AR 30.

Nonetheless, at step <u>five</u>, the ALJ alternatively found jobs exist in significant numbers in the national economy that Plaintiff can perform considering his age, education, work experience, and residual functional capacity. AR 30. Accordingly, the ALJ determined Plaintiff is not disabled as defined in the Social Security Act. AR 30–32.

### III. STANDARD OF REVIEW

The Court must uphold an ALJ's determination that a claimant is not disabled if the ALJ applied the proper legal standards and there is substantial evidence in the record as a whole to support the decision. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012) (citing *Stone v. Heckler*, 761 F.2d 530, 531 (9th Cir. 1985)). "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). This must be more than a mere scintilla, but may be less than a preponderance. *Id.* at 1110–11.

Even where the evidence supports more than one rational interpretation, the Court must uphold an ALJ's decision if it is supported by inferences reasonably drawn from the record. *Id.*; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). The Court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014)).

## IV. ANALYSIS

Plaintiff argues that the ALJ erred in (1) assessing Plaintiff's credibility, (2) assessing Plaintiff's residual functional capacity, and (3) finding Plaintiff capable of substantial gainful activity at steps four and five. ECF No. 9 at 10.

**A. The ALJ reasonably assessed Plaintiff's claims about the severity of his symptoms.**

The ALJ first summarized Plaintiff's testimony. *See* AR 25. The ALJ then found that although Plaintiff's "medically determinable impairments could reasonably be expected to produce some of the alleged symptoms," his statements "concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." AR 27.

Plaintiff contests the ALJ's "credibility" determination that his symptom statements are not entirely consistent with the evidence of record. ECF No. 9 at 12–15. However, Plaintiff misreads the ALJ's decision. The ALJ made no finding on Plaintiff's credibility. *See* AR 27; *see also* Soc. Sec. Ruling 16-3p (eliminating the term "credibility" to "clarify that subjective symptom evaluation is not an examination of an individual's character"), *available at* 2017 WL 5180304, at *1. Moreover, the ALJ did not disregard Plaintiff's symptom claims but merely found they were "not entirely consistent" with the evidence in the record. AR 27.

The issue is whether the ALJ gave specific, clear and convincing reasons in assessing Plaintiff's testimony about the severity of his symptoms. *See Diedrich v. Berryhill*, 874 F.3d 634, 641 (9th Cir. 2017). An ALJ must make sufficiently specific findings "to permit the court to conclude that the ALJ did not arbitrarily discredit [the] claimant's testimony." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (citations omitted).

Here, in reviewing the record, the ALJ first noted that the objective medical evidence in the record "is not wholly consistent with the claimant's allegations of physical pain and limitation." AR 27. He proceeded to make specific findings, such as that Plaintiff's negative x-rays were considered normal for his age and that the results did not indicate any nerve root compression or encroachment. *Id.*

The ALJ then went on to examine Plaintiff's daily living activities and found

them inconsistent with his alleged limitations. The ALJ may cite activities inconsistent with disability allegations or note internal inconsistences. 20 C.F.R. § 404.1529(c)(4); *Burch v. Barnhart,* 400 F.3d 676, 681 (9th Cir. 2005). He made specific findings—including that Plaintiff could average 7000 steps a day, travel to China, and volunteer four hours a week—which indicated to him that Plaintiff's functional abilities are greater than alleged. *Id.*

Next, he noted that Plaintiff "continued looking for work during the relevant period," which suggested to him that Plaintiff "believed himself physically capable of performing work." AR 28. Ultimately, the medical evidence, coupled with the other reasons the ALJ cited, provided clear and convincing reasons for him to conclude that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were "not entirely consistent." AR 27.

Plaintiff argues that this section "makes no reference to the lumbar MRI which the claimant underwent nor was there a discussion of the positive tenderpoints concerning Plaintiff's fibromyalgia diagnosis." ECF No. 9 at 14. He also argues that the ALJ did not consider evidence of Plaintiff's depression. *Id.* If the ALJ had considered such evidence, Plaintiff argues, he would have found "entitlement to benefits." *Id.* at 15.

However, the ALJ did certainly consider such medical evidence—and even accepted it—although such discussions were not confined to the specific section

Plaintiff references. *See, e.g.*, AR 21, 24, 25; *Molina*, 674 F.3d at 1121 ("Even when an agency explains its decision with less than ideal clarity, [the Court] must uphold it if the agency's path may reasonably be discerned." (internal quotation marks omitted)).

Moreover, an ALJ "does not need to discuss every piece of evidence" in interpreting the evidence and developing the record. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (internal quotation marks omitted). And the ALJ noted that he "carefully read and considered all the evidence in the record regardless of whether it is specifically cited in the decision." AR 24. Upon considering the entire record as a whole—including both the evidence that supports and detracts from the ALJ's conclusion—the Court concludes that substantial evidence supports the ALJ's assessment of Plaintiff's symptom claims.

**B.  The ALJ reasonably assessed Plaintiff's residual functional capacity.**

The ALJ found that Plaintiff has the residual functional capacity to perform light work, except "he cannot climb ladders, ropes or scaffolds, and can only occasionally perform all other postural activities; and he is limited to unskilled and well-learned semi-skilled work with no multi-tasking and no assembly-line pace." AR 24. Plaintiff contends the ALJ did not properly consider the fact that his physical conditions pose limitations affecting his exertional capacities. ECF No. 9 at 15. Plaintiff argues that if the ALJ had considered his limitations regarding his pain and

limited ability to stand and walk for extended periods of time, then the ALJ would have found him capable of only a restricted range of sedentary work. *Id.* at 16.

The Court disagrees. The ALJ noted that although objective medical evidence is not consistent with Plaintiff's subjective allegations of limitation, "it is consistent with the light residual functional capacity assessed." AR 27. And noting that Plaintiff's recommended treatment for his primary condition, fibromyalgia, is to exercise and keep moving, he found that light work would be "entirely consistent with the nature of his condition." AR 28. In other words, the ALJ certainly considered Plaintiff's limitations in finding the specific restrictions in light work: he found the objective medical evidence and subjective evidence of Plaintiff's impairments support his finding. AR 29 ("In sum, I find that the objective medical evidence and the subjective evidence of both the claimant's severe and non-severe impairments support the residual functional capacity adopted above."). Accordingly, the Court rejects Plaintiff's argument.

**C. The ALJ did not err in finding Plaintiff capable of substantial gainful activity at steps four and five.**

Plaintiff makes a generic argument that the alleged errors discussed above resulted in "harmful error" because Plaintiff cannot be expected to perform "his former work as a cashier, nor other positions." ECF No. 9 at 16. Because the ALJ did not err as noted above, the Court need not address this argument.

## V. CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's determination that Plaintiff does not qualify for social security benefits is supported by substantial evidence and free of error.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 9**, is **DENIED**.
2. The Commissioner's Motion for Summary Judgment, **ECF No. 10**, is **GRANTED**.
3. The ALJ's decision is **AFFIRMED**.
4. The Clerk's Office is directed to **ENTER JUDGMENT** in the Commissioner's favor.
5. All pending motions are **DENIED AS MOOT**.
6. All hearings and other deadlines are **STRICKEN**.
7. The Clerk's Office is directed to **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 1st day of February 2019.

_____
SALVADOR MENDOZA, JR.
United States District Judge